Cook, use, etc., vs. Loftin, adm'r.

---

## COOK, use, etc., vs. LOFTIN, adm'r.

CHANGE OF VENUE: *Order for must appear, etc.*

The transcript shows an affidavit for change of venue by the defendant, on the ground of bias in the judge; but it does not appear that any order was made on the affidavit: Held, there was not sufficient showing that the court below had been deprived of its jurisdiction to sustain it in striking the casue from the docket.

Cook, use, etc., vs. Loftin, adm'r.

APPEAL from *Jackson* Circuit Court.

Hon. H. S. COLEMAN, Special Judge.

*Rose,* for appellant.

*Coody, contra.*

ENGLISH, CH. J.:

This suit was commenced in the Circuit Court of Jackson County, in the year 1867, and was pending therein at the October term, 1871, at which term, on the 7th of November, 1871, it appears from the transcript before us, that the defendant filed the following affidavit :

"I, John R. Loftin, the defendant in the above entitled cause, do swear that I verily believe the Hon. Elisha Baxter, judge of the Jackson Circuit Court, in which the said action is pending, will not give him a fair trial thereof."

Subscribed by affiant, and sworn to before the clerk of the court, the day on which it was filed.

. It does not appear from the transcript that any order was made upon this affidavit, by court or clerk.

No further entry appears until the September term, 1875, when, on the 15th of September, the defendant filed a motion to strike the case from the docket, stating in the motion, for cause, "that, by an order of the clerk of this court, made in this case on the 7th day of November, 1871, and entered on record as of that date, on the 24th day of February, 1873, the venue in said case was changed to the Woodruff Circuit Court, and this court has no further jurisdiction or control of the same."

On the next day (16th September) the plaintiff moved for a rule upon the clerk of the Circuit Court of Woodruff County to furnish a transcript of all the proceedings in the cause in said court while the same was pending therein; which motion the court overruled, but allowed the plaintiff time until the following Monday to procure such transcript.

Cook, use, etc., vs. Loftin, adm'r.

The transcript was accordingly procured and filed.

It shows that the cause was on the docket of the Woodruff Circuit Court at the March term, 1873 ; and on the 19th of March, the defendant filed a motion to strike the cause from the docket. On the 9th of April, 1873, the court sustained the motion, on the ground that the court had no jurisdiction of the case, and struck it from the docket, and directed the clerk to return the papers to the clerk of the Circuit Court of Jackson County.

How the cause got into the Woodruff Circuit Court does not appear from the transcript.

On the filing of the transcript from Woodruff, the court took up the motion of the defendant to strike the cause from the docket, filed on the 15th September, 1875, and sustained the motion, and simply struck the cause from the docket for want of jurisdiction ; and the plaintiff excepted, and appealed to this court.

By act of March 27th, 1871, to amend the Civil Code of Practice, it was provided that : " Whenever a party to any civil action, in the Circuit or Chancery Court, verily believes that the judge of the court in which the action is pending, will not give him a fair and impartial trial, he may file with the clerk of such court an affidavit to that effect, verified as pleadings are required to be verified, whereupon the clerk *shall make an order* changing the venue, in such case, to the most convenient county in an adjoining circuit," etc. Sec. 760, Amended Code.

If this act was not in conflict with the Constitution of 1868 (see *State* v. *Flynn*, 31 Ark., 35), it was the duty of the clerk of the court, on the filing of the affidavit, to make an order changing the venue, as provided by the act, and to make a memorial of the order by entering it of record.

In the motion filed by appellee to strike the cause from the docket, it is stated that the clerk made an order changing the

venue to Woodruff, on the 17th November, 1871, and entered the order of record, as of that date, on the 24th of February, 1873. But this is a mere statement in the motion, and there is no evidence in the transcript that such an order, or entry of record was made at any time.

If the clerk, in fact, made the *nunc pro tunc* entry at the time alleged, he was very tardy in making it, and the necessity for the change of venue had ceased, if it ever existed, for the judge whose impartiality was impeached by the affidavit of appellee, had ceased to hold the office, and become governor of the State, and another judge was upon the circuit.

It is probable that the cause was stricken from the docket in the Woodruff Circuit Court, because there was no evidence before the court that the venue had been changed by any competent order.

We cannot presume, even in favor of the judgment of the court below, that an order was made and entered changing the venue, when the transcript before us fails to show such order or entry.

It was a matter to be shown by the record, that the cause was pending in the court below, and the appellant was insisting upon a trial, after the filing of the affidavit impeaching the integrity of the judge. See *Cook* v. *Baxter*, 27 Ark., 480.

After this decision was made, it is probable that the clerk transmitted the papers in the cause to Woodruff, accompanied by no evidence of a competent order changing the venue.

However that may be, there is no sufficient showing in the record before us that the court below had been legally deprived of jurisdiction of the cause, and the court erred in striking it from the docket.

The judgment is reversed, and the cause remanded, with instructions to the court below to reinstate the cause upon its docket for further proceedings in accordance with law, etc.